IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| HE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.  **CV 122-141** |
| | ) | |
| Avadim Holdings, Inc. and | ) | |
| Relion Holdings LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff HE, Inc., through its undersigned counsel, files this Complaint against Defendants Avadim Holdings, Inc. and Relion Holdings LLC, showing the Court as follows:

## INTRODUCTION

1.   This action arises from Defendants' unauthorized use of and profit from proprietary information belonging to HE, Inc., and HE, Inc.'s request for compensatory damages and for the Court to restrain and enjoin further unauthorized use.

## PARTIES, JURISDICTION, AND VENUE

2.   Plaintiff is a corporation registered in the State of Georgia since 1994 with its principal place of business in Columbia County, Georgia.

3.   Defendant Avadim Holdings, Inc. is, upon information and belief, a Delaware

corporation with interests in and principally doing business in North Carolina. It may be served through its registered agent in Delaware.

4.     Defendant Relion Holdings LLC is, upon information and belief, a Delaware limited liability company also registered in and principally doing business in North Carolina.   It may be served through its registered agent in Delaware.

5.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.     Venue is appropriate pursuant to 28 U.S.C. § 1391 because HE, Inc. is based in this district and a substantial part of the events or omissions giving rise to the claims in this action occurred in this district.

## GENERAL ALLEGATIONS

7.     Plaintiff incorporates by reference the allegations in Paragraphs 1-6.

8.     A bankruptcy proceeding relevant to this action was filed and confirmed in the District of Delaware. *In re AH Liquidation, Inc.,* No. 21-10883 (B. Del. 2021) ("Bankruptcy Action").

9.     As part of the Bankruptcy Action, the bankruptcy court adopted a Confirmation Plan ("the Plan" or, where including the accompanying disclosure statement, "the Plan and Disclosure Statement").   Bankruptcy Action Doc. 401-1.

10. Defendants purchased assets from the bankrupt entity, Bankruptcy Action Doc. 239, but purposefully failed to purchase the intellectual property rights of HE, Inc. in the Bankruptcy Action.

11. In the Bankruptcy Action, HE, Inc. did not consent to the third-party releases contained in Article XIII.D of the Combined Plan and Disclosure Statement (the "Third-Party Releases"). Bankr. Doc. 401-1.

12. HE, Inc. therefore did not release anything as a result of the Plan and Disclosure Statement. "Accordingly, nothing in the Plan or this Order operates to enjoin HE from asserting or prosecuting to judgment any claim against any non-Debtor third party." Bankruptcy Action Doc. 401-1, p. 11, ¶ 24.

13. Article XIII.A of the Plan estops creditors from interfering with the implementation of the Plan by seeking to recover directly against property that is to be distributed under the Plan in satisfaction of the obligations set forth in the Plan. Importantly, however, this lawsuit does not seek recovery from property distributed under the Plan.

14. HE, Inc. seeks a Preliminary Injunction by separate motion to enjoin Defendants from using HE, Inc.'s proprietary information and trade secrets since Defendants knowingly and purposefully chose not to purchase/assume those assets as part of their asset purchases through the Bankruptcy Action.

15.     In 2016, HE, Inc. entered into a settlement agreement ("Settlement Agreement") with Avadim Technologies, Inc. ("ATI") by virtue of a settlement agreement that is attached to the Complaint in this lawsuit as Exhibit A (without schedules).  ATI changed its name to Avadim Health, Inc. ("AHI") and reincorporated as a Delaware company in 2018.

16.     HE, Inc. separately entered into a non-disclosure agreement with ATI ("CNUND Agreement") in the same year, which is attached to the Complaint as Exhibit B, and which prohibited disclosure of HE, Inc.'s proprietary information.[1]

17.     The 2016 Settlement Agreement and the CNUND Agreement both establish that HE, Inc. sold proprietary information and trade secrets not disclosed in

---

[1] The CNUND Agreement states that it is between the following parties:

> **CONFIDENTIALITY NON-USE AND NON-DISCLOSURE AGREEMENT**
> This Confidentiality, Non-Use and Non-Disclosure Agreement (this "Agreement") is made and entered into as of the 15th day of July 2016, by and between, on the one hand, Avadim Technologies, Inc., a Wyoming corporation having a principal place of business at 81 Thompson Street, Asheville, North Carolina 28803 ("ATI"); and on the other hand, HE, Inc., having a principal place of business at 915 Windmill Parkway, Evans, GA 30809 ("HE, Inc."); Norris Randolph Harod, President of and shareholder in HE, Inc., in his personal capacity and having a principal residence also at 915 Windmill Parkway, Evans, GA ("N.R. Harod"); Georgia C. Harod, Vice-President of Operations of HE, Inc., in her personal capacity and having a principal residence also at 915 Windmill Parkway, Evans, GA ("G.C. Harod"); and Darrell A. Sudduth, a shareholder of HE, Inc., also in his personal capacity and having a principal residence at 176 Conamara Lane, Woodruff, SC 29388 ("D.A. Sudduth") (HE, Inc., N.R. Harod, G.C. Harod, and D.A. Sudduth together with ATI are referred to below as "Party" or "Parties" as the case may be).

HE, Inc.'s now-expired Patent #6,358,516 ("Patent") which were necessary to produce products covered by the Patent.

18. Despite purposefully and knowingly refusing to purchase HE, Inc.'s proprietary information, Defendants have continued to make unauthorized use of said information in the manufacture and sale of products.

19. At least since August 15, 2021, when Defendants assumed control of the assets of AHI in the Bankruptcy Action, Defendants failed to compensate Plaintiff for their unauthorized use of proprietary information.

20. The Stalking Horse APA agreement in the Bankruptcy Action states:

> 44. **HE Agreement and CNUND Agreement**. Neither the Settlement Agreement, entered into as of July 15, 2016, by and between Avadim Technologies, Inc., on one hand, and HE, Inc. and Norris Randolph Harod, on the other hand (the "HE Agreement"), nor the Confidentiality Non-Use and Non-Disclosure Agreement, entered into on July 15, 2016 (the "CNUND Agreement"), by Avadim Technologies, Inc., on one hand, and HE, Inc., Norris Randolph Harrod, Georgia C. Harod, and Darrell A. Sudduth, on the other hand, shall be an Assumed Contract. Further, notwithstanding anything to the contrary in this Order or the Stalking Horse APA, <u>none of the Debtors' rights or obligations under the HE Agreement and the CNUND Agreement shall transfer to the Buyer.</u>

Bankruptcy Action Doc. 219-1 (7/28/21), p. 36 (underlined emphasis added).

21. In addition, another Order in the Bankruptcy Action states:

> **PLEASE TAKE FURTHER NOTICE** that no Previously Omitted Contracts are listed on Exhibits A or B hereto. Any Previously Omitted Contracts, including any Previously Omitted Contracts identified in the *Notice of Potential Assumption and Assignment of Previously Omitted*

*Contracts* [ECF No. 248], will be assumed and assigned to the Buyer pursuant to a separate order of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that the Buyer reserves all rights to designate additional Available Contracts and Previously Omitted Contracts as Assumed Contracts in accordance with the Stalking Horse APA and/or the Sale Order.

Bankruptcy Action Doc. 263 (8/17/21), p. 2.

22.     As part of the above-quoted agreements, the bankruptcy court specifically noted that Defendants did not assume any rights or obligations regarding HE, Inc.'s 2016 sale of proprietary information.

23.     As such, the proprietary information reverted back to HE, Inc., which asserts its rights herein.

24.     The bankruptcy court further stated:

Regardless of the manner in which HE Inc. ("HE") marked and submitted its ballot, HE has made it clear, in connection with the Combined Hearing, that it does not consent to the third-party releases contained in Article XIII.D of the Combined Plan and Disclosure Statement (the "Third-Party Releases"). HE shall not be a Releasing Party and shall not be bound by the Third-Party Releases contained in Article XIII.D of the Combined Plan and Disclosure Statement. Accordingly, nothing in the Plan or this Order operates to enjoin HE from asserting or prosecuting to judgment any claim against any non-Debtor third party. . . .

Bankruptcy Action Doc. 401 (11/5/21), pp. 11-12 (underlined emphasis added).

25.     Defendants knowingly and purposefully chose not to assume Plaintiff's contracts' rights or liabilities.

## CAUSES OF ACTION

**COUNT ONE**
**(Accounting)**

26.    Plaintiff incorporates by reference the allegations in Paragraphs 1-25.

27.    Defendants purposefully declined to purchase Plaintiff's intellectual property in the bankruptcy sale.

28.    Defendants, however, have used and continued to use and profit from Plaintiff's secret formula.

29.    Defendants have a continuing duty to provide a proper accounting for any uses/profits derived from their use of Plaintiff's property.

30.    As a direct result of Defendants' numerous breaches, Plaintiff has incurred and will continue to incur significant damages.

**COUNT TWO**
**(Disgorgement)**

31.    Plaintiff incorporates by reference the allegations in Paragraphs 1-25.

32.    Defendants have profited from unauthorized use of Plaintiff's proprietary information.

33.    Defendants should remit their unauthorized profits to Plaintiff under the doctrine of disgorgement.

**COUNT THREE**
**(Conversion)**

34.    Plaintiff incorporates by reference the allegations in paragraphs 1-25.

35.    Defendants    converted    Plaintiff's    proprietary    information    without

authorization.

36.   Plaintiff has been harmed by Defendants' conversion.

37.   Plaintiff should be remunerated by just compensation for Defendants' conversion of Plaintiff's assets.

## COUNT FOUR
### (Unjust Enrichment)

38.   Plaintiff incorporates by reference the allegations in Paragraphs 1-25.

39.   Defendants have profited unjustly from their unauthorized use of Plaintiff's proprietary information.

40.   Plaintiff should be compensated because Defendants have been unjustly enriched.

## COUNT FIVE
### (Quantum Meruit)

41.   Plaintiff incorporates by reference the allegations in Paragraphs 1-25.

42.   Defendants have profited without justification from their unauthorized use of Plaintiff's proprietary information.

43.   Plaintiff should be made whole for Defendants' unauthorized act of profiting from **the use of** Plaintiff's proprietary information.

## COUNT SIX
### (Misappropriation of Trade Secrets)

44.   Plaintiff incorporates by reference the allegations in Paragraphs 1-25.

45.   Defendants misappropriated Plaintiff's proprietary information without

authorization or contractual right.

46.   Plaintiff should be compensated for Defendants' misappropriation of trade

secrets.

## COUNT SEVEN
### (Tortious Interference with Prospective Business Relations)

47.   Plaintiff incorporates by reference the allegations in Paragraphs 1-25.

48.   Defendants wrongfully interfered with and prevented Plaintiff's prospective

business relations and opportunities by their unauthorized use of Plaintiff's

proprietary information.

49.   Plaintiff should be compensated because of losses incurred from Defendants'

tortious acts.

## COUNT EIGHT
### (Attorney's Fees and Costs)

50.   Plaintiff incorporates by reference the allegations in Paragraphs 1-25.

51.   Defendants were stubbornly litigious and acted in bad faith prior to the filing

of this lawsuit by rejecting assumption of contracts in the Bankruptcy Action

even as they knowingly and purposefully utilized Plaintiff's proprietary

information without basis or payment of compensation.  Therefore, Plaintiff

is entitled to recover costs and attorney's fees under O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff prays as follows:

a)   That summons and process issue and be served upon Defendants according to law;

b)   That Plaintiff be awarded compensatory damages in an amount reasonable and commensurate with the losses incurred because of Defendants' unlawful and unauthorized acts;

c)   That the Court restrain and enjoin Defendants from further unauthorized use of Plaintiff's proprietary information;

d)   That judgment be granted in Plaintiff's favor against Defendants;

e)   That all costs of this action be taxed against Defendants,

f)   That a jury trial be had on all issues so triable, and

g)   Such other and further relief as the Court deems just and proper.

*/s/ Ken Crowder*
KENNETH D. CROWDER
Georgia Bar # 123985
ken@crowderstewart.com
DAVID M. STEWART
Georgia Bar # 142029
david@crowderstewart.com

CROWDER STEWART LLP
Post Office Box 160
Augusta, Georgia 30903
706-434-8799